**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
Honorable Maria E. Garcia
141 Church Street
New Haven, CT 06510

**SETTLEMENT CONFERENCE ORDER**

This case is scheduled for a settlement conference on July 18, 2024 at 10:30 a.m. with the Honorable Maria E. Garcia, United States Magistrate Judge. The conference will be conducted in-person. Local counsel should notify any *pro hac vice* counsel of the date and time of the conference.

In advance of the conference, the Court enters the following orders:

1. **Exchange of settlement proposals**

Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own. Therefore, plaintiff's counsel is directed to serve a written settlement demand upon defendant's counsel, **not less than fourteen (14) days before the conference.** The demand shall be accompanied by an updated written damages analysis containing "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Defendant's counsel are directed to serve a written settlement offer upon plaintiff's counsel **at least seven (7) days prior to the settlement conference. Failure to submit a counteroffer in a timely manner may result in a postponement of the settlement conference.**

Each written demand and offer shall set forth any material, non-monetary terms of the proposed settlement, such as confidentiality, non-disparagement, and/or the execution of a release extending beyond the claims asserted in the complaint (*i.e.,* a "global" release). If either party contends that the monetary portion of the proposed settlement would be subject to a lien, its written proposal shall include a statement of the nature and amount of the lien.

2. **Settlement conference memoranda**

**Not later than 7 days prior to the conference**, counsel for each party must submit to Judge Garcia a confidential, *ex parte* settlement memorandum. The memorandum shall not exceed ten double-spaced pages and should be submitted via e-mail to:

MEG_settlement@ctd.uscourts.gov.

Each party's memorandum shall include:

(a) the essential facts of the case; where material facts are disputed, the memorandum should explain the evidence that the party expects to offer at trial;

(b) the legal elements of the claims and defenses asserted;

(c) a damages analysis;

(d) the status of discovery;

(e) a list of any motions contemplated;

(f) a summary of settlement negotiations to date;

(g) the nature and amount of any lien that will apply (or is alleged to apply) to any settlement;

(h) any material, non-monetary terms that the party will be seeking in a settlement agreement;

(i) a discussion of strengths and weaknesses of case;

(j) a list of all persons who will attend the conference on behalf of that party, including job titles if pertinent to the case; and

(k) identification of any unusual issues or problems that may be expected to arise.

If counsel feels that exhibits are necessary to the Court's understanding of the case, a reasonable number of exhibits may be submitted along with the memorandum. Judge Garcia will have read the operative pleadings by the time of the conference, so those pleadings should not be attached as exhibits. **The Court notes that exhibits should be submitted only when necessary and are not a substitute for a well-composed memorandum.**

**If the settlement memorandum with exhibits exceeds 15 pages, courtesy copies should be mailed to chambers no later than five (5) business days prior to the settlement conference.**

**3.   In-person attendance**

**The Court orders the parties to attend the settlement in person.** If a party is a legal entity rather than an individual, a representative who is fully authorized to decide all matters pertaining to the case must be present. The Court does not consider the appearing attorney to be a party representative for this purpose. If a party is being indemnified by an insurer, an insurance company representative with full authority to settle the case must be present. The Court will not hold a settlement conference unless all required attendees are present. Failure to comply with these attendance requirements may result in the imposition of sanctions.

**4.   Other orders**

Continuances will be granted only for good cause shown. **If a party seeks a continuance, it is respectfully directed NOT to file a motion on the docket but instead to call Judge Garcia's law clerk at (203) 773-2022 as soon as possible with opposing counsel on the line to work out a new date.**

Counsel are reminded that the scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery or other due dates.

If the case is resolved after the issuance of this Order, but before the settlement conference, the parties shall promptly report the settlement to Judge Garcia's Chambers.

It is so ordered.

*/s/ Maria E. Garcia*
Maria E. Garcia
United States Magistrate Judge